John S. Hogan
Bergen County Clerk

**Bergen County Clerk**
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/



**INSTRUMENT# 2022074198**

**V 4753   1328**

**RECORDED DATE: 07/27/2022**

| | |
|---|---|
| **Document Type:   MORTGAGE** | **Transaction #:** ▉▉▉▉▉<br>**Document Page Count: 8**<br>**Operator Id: ERECORD** |

| | |
|---|---|
| **RETURN TO:**<br>600 Clubhouse Dr<br>Coraopolis, PA 15108-3195 | **SUBMITTED BY:**<br>**SIMPLIFILE**<br>**4844 North 300 West, Suite 202**<br><br>**PROVO ,UT  84604** |

| PRIMARY NAME | SECONDARY NAME |
|---|---|
| DJABBAROV ULUGBEK | HOUSING AND URBAN DEVELOPMENT |

| ADDITIONAL PRIMARY NAMES | ADDITIONAL SECONDARY NAMES |
|---|---|
| DJABBAROVA NIGINA | UNITED STATES OF AMERICA |

**MARGINAL REFERENCES:  File Number:      Volume:      Page:**

**DOCUMENT DATE: 06/01/2022**
**MUNICIPALITY: TEANECK**
**LOT: 6**
**BLOCK: 4003**

**FEES/ TAXES:**

| | |
|---|---|
| RECORDING FEE | $20.00 |
| STATE RECORDING FEE | $35.00 |
| COUNTY RECORDING FEE | $35.00 |
| HOMELESSNESS TRUST FUND | $3.00 |
| HOMELESS CODE BLUE | $2.00 |
| | |
| NPNR | $0.00 |
| Basic County | $0.00 |
| Basic State | $0.00 |
| PHPF | $0.00 |
| Extra-Aide | $0.00 |
| Gen-Purpose | $0.00 |
| Mansion-Tax | $0.00 |

**Total: $95.00**

**INSTRUMENT#: 2022074198**
**Recorded Date: 07/27/2022**

I hereby CERTIFY that this document is recorded in the Clerk's Office in Bergen County, New Jersey.

**John S. Hogan**
**Bergen County Clerk**

**Recording Fees:** $95.00
**Realty Transfer Tax Fees:** $0.00
**Consideration: $ 23385.11**

## OFFICIAL RECORDING COVER PAGE

Page 1 of **8**

# <u>PLEASE DO NOT DETACH</u>
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

| **Bergen County Recording Data Page**<br>**Honorable John S. Hogan**<br>**Bergen County Clerk** | *Official Use Only - Barcode* |
|---|---|
| *Official Use Only – Realty Transfer Fee* | |

| Date of Document:<br><br>06/01/2022 | Type of Document:<br>SUBORDINATE MORTGAGE |
|---|---|
| First Party Name:<br>Ulugbek Djabbarov | Second Party Name:<br>Nigina Djabbarova |

| Additional Parties:<br>Secretary of Housing and Urban Development |
|---|

| **THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY** | |
|---|---|
| Block:<br><br>4003 | Lot:<br><br>6 |
| Municipality: | |
| Consideration:<br><br>$23,385.11 | |
| Mailing Address of Grantee:<br><br>451 Seventh Street SW Washington, DC 20410 | |

| **THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGE INFORMATION FOR ASSIGNMENTS, RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY** | |
|---|---|
| Original Book: | Original Page: |

| **BERGEN COUNTY RECORDING DATA PAGE**<br>Please do not detach this page from the original document as it<br>contains important recording information and is part of the permanent record. |
|---|

**Recording Requested By:**
Freedom Mortgage Corporation
907 Pleasant Valley Avenue
Mount Laurel, NJ 08054

**After Recording Return To:**
Freedom Mortgage Corporation C/O:
Mortgage Connect Document Solutions
6860 North Argonne Street, Unit A
Denver, CO 80249
APN/Tax ID ███████████
███████████████

This document was prepared by: Freedom Mortgage Corporation, Michele Rice, 10500 Kincaid Drive, Suite 111, Fishers IN 46037-9764, (855) 690-5900

**Document Date:** _____
**Legal description is located on page ____**

_____Space Above This Line For Recording Data_____

███████████████

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on

1st day of June, 2022.

The Mortgagor is **ULUGBEK DJABBAROV AND NIGINA DJABBAROVA, HUSBAND AND WIFE**
Whose address is 1017 EAST LAWN DRIVE TEANECK, NJ 07666 ("Borrower").

This Security Instrument is given to the Secretary of Housing and Urban Development, its successors and assigns whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of _twenty-three thousand three hundred eighty-five and 11/100 Dollars (U.S. 23,385.11)_. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on August 1, 2050.

This SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **Bergen** County, State of NEW JERSEY which has the address of 1017 EAST LAWN DRIVE TEANECK, NJ 07666, ("Property Address") more particularly described as follows: *See Exhibit A for Legal Description*

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements

**Partial Claim**

Page 1 of 6

and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1.      **PAYMENT OF PRINCIPAL.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.      **BORROWER NOT RELEASED; FORBEARANCE BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.      **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4.      **NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 10410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.      **GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that

**Partial Claim**

Page 2 of 6

any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.    **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.    **ACCELERATION; REMEDIES.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument unless applicable law provides otherwise. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding, and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; (f) and any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other applicable law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender to the extent permitted by applicable law shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including without limitation attorneys' fees and costs of title evidence permitted by Rules of Court.

8.    **RELEASE.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by applicable law.

9.    **NO CLAIM OF CREDIT FOR TAXES.** Borrower shall not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments, or charges. Borrower shall not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

10.    **PAYMENT OF PRINICIPAL, INTEREST, ESCROW ITEMS, PREPAYMENT CHARGES, AND LATE CHARGES.** Section 1 hereby is revised to read as follows; in all other respects, Section 1 shall remain in effect unchanged.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 4. Lender may return any payment or partial payment if the payment or partial payment is insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to Lender's rights to refuse such payment or partial payment in the future. If Lender accepts such payment, Lender shall apply such payment at the time such payment is accepted. No offset or claim that Borrower might have now or in the future against Lender shall relieve Borrower from

**Partial Claim**

Page 3 of 6

making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

**Partial Claim**

Page 4 of 6

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

**Sign here to execute Subordinate Security Instrument** ⟶

_____
Ulugbek Djabbarov
(Must be signed exactly as printed)

Signature Date (MM/DD/YYYY)

**Sign here to execute Subordinate Security Instrument** ⟶

_____
Nigina Djabbarova
(Must be signed exactly as printed)

06 / 03 / 2022
Signature Date (MM/DD/YYYY)

_____ *[Space below this line for Acknowledgement]* _____

STATE OF ___New Jersey___

COUNTY OF ___Bergen___

On the ___9___ day of ___June___ in the year 2022 before me, the undersigned, a Notary Public in and for said State, personally appeared Ulugbek Djabbarov and Nigina Djabbarova, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument.

WITNESS my hand and official seal

_____
(Signature)

Notary Public: ___Daysi Villalta___
(Printed Name)

My commission expires: ___April 6, 2026___

Daysi Villalta
Commission # ████████
Notary Public, State of New Jersey
My Commission Expires
April 6, 2026

(Notary Public Seal)
**(Please ensure seal does not overlap any language or print)**

**Partial Claim**

Page 5 of 6

# EXHIBIT A

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Teaneck, County of Bergen, State of NJ:

Being known and designated as Lot 19 Block 387 as shown on a certain map entitled, "Map of Club Section No. 2, Phelps Manor, Township of Teaneck, Bergen County, N J. ", filed in the Bergen County Clerk's Office on January 27, 1950 as Map No. 3852, and further described as follows:

Beginning at a point in the Northeasterly Right of Way Line of Eastlawn Drive (50' wide) said point being located 169.62 feet Northwesterly from the point of curvature leading to the Northwesterly Right of Way Line of Eastlawn Court, and running thence:

(1) Along the Northeasterly Line of Eastlawn Dr. on a curve to the left with a radius of 940.00 feet an arc distance of 64.90 feet to a point, thence:

(2) North 27 degrees 27 minutes 09 seconds East for a distance of 175.86 feet to Lands N/F Township of Teaneck, thence;

(3) South 67 degrees 07 minutes 51 seconds East for a distance of 62.20 feet to a point, thence;

(4) South 27 degrees 27 minutes 09 seconds West for a distance of 199 96 feet to the Point & Place of Beginning.

**Partial Claim**

Page 6 of 6

John S. Hogan
Bergen County Clerk



**Bergen County Clerk**
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/

**INSTRUMENT# 2023056747**

**V 5070   506**

**RECORDED DATE: 08/29/2023**

| | |
|---|---|
| **Document Type:   MORTGAGE** | **Transaction** ▮▮▮▮▮▮<br>**Document Page Count: 7**<br>**Operator Id: ERECORD** |

| RETURN TO: | SUBMITTED BY: |
|---|---|
| 600 Clubhouse Dr<br>Coraopolis, PA 15108-3195 | SIMPLIFILE<br><br>4844 North 300 West, Suite 202<br><br><br>PROVO ,UT  84604 |

| PRIMARY NAME | SECONDARY NAME |
|---|---|
| DJABBAROV ULUGBEK | HOUSING AND URBAN DEVELOPMENT |

| ADDITIONAL PRIMARY NAMES | ADDITIONAL SECONDARY NAMES |
|---|---|
| DJABBAROVA NIGINA | UNITED STATES OF AMERICA |

**MARGINAL REFERENCES:  File Number:     Volume:     Page:**

DOCUMENT DATE: 08/19/2023
MUNICIPALITY: TEANECK
LOT: 6
BLOCK: 4003

FEES/ TAXES:

| | |
|---|---|
| RECORDING FEE | $20.00 |
| STATE RECORDING FEE | $30.00 |
| COUNTY RECORDING FEE | $30.00 |
| HOMELESSNESS TRUST FUND | $3.00 |
| HOMELESS CODE BLUE | $2.00 |
| | |
| | |
| | |
| NPNR | $0.00 |
| Basic County | $0.00 |
| Basic State | $0.00 |
| PHPF | $0.00 |
| Extra-Aide | $0.00 |
| Gen-Purpose | $0.00 |
| Mansion-Tax | $0.00 |

Total: $85.00

**INSTRUMENT#: 2023056747**
**Recorded Date: 08/29/2023**

I hereby CERTIFY that this document is recorded in the Clerk's Office in Bergen County, New Jersey.

*John S. Hogan*
**John S. Hogan**
**Bergen County Clerk**

**Recording Fees:** $85.00
**Realty Transfer Tax Fees:** $0.00
**Consideration: $ 14360.15**

## OFFICIAL RECORDING COVER PAGE

Page 1 of **7**

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.
V12.24.21

**Recording Requested By:**
Freedom Mortgage Corporation
951 Yamato Road
Boca Raton, FL 33431

**After Recording Return To:**
Freedom Mortgage Corporation C/O:
Mortgage Connect, LP
Attn: Loan Mod Processing Team
600 Clubhouse Drive
Moon Township, PA 15108

This document was prepared by: Freedom Mortgage Corporation, Michele Rice
                              10500 Kincaid Dr, Ste 111, Fishers, IN 46037 (855)690-5900
**Document Date:** 8-19-2023
**Legal description is located on page 6**

_____Space Above This Line For Recording Data_____

FHA Case No ██████████

### SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on August 3, 2023.

The Mortgagor is **ULUGBEK DJABBAROV AND NIGINA DJABBAROVA, HUSBAND AND WIFE**

Whose address is 1017 EAST LAWN DRIVE TEANECK, NJ 07666 ("Borrower").

This Security Instrument is given to the Secretary of Housing and Urban Development, its successors and assigns whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of fourteen thousand three hundred sixty and 15/100 Dollars (U.S. 14,360.15). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on August 1, 2050.

This SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the

Partial Claim

Page 1 of 6

performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **Bergen** County, State of <u>NEW JERSEY</u> which has the address of <u>1017 EAST LAWN DRIVE TEANECK, NJ 07666</u>, ("Property Address") more particularly described as follows: ***See Exhibit A for Legal Description***

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1.      **PAYMENT OF PRINCIPAL.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.      **BORROWER NOT RELEASED; FORBEARANCE BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.      **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**Partial Claim**

Page 2 of 6

4.    **NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 10410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.    **GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.    **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.    **ACCELERATION; REMEDIES.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument unless applicable law provides otherwise. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding, and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; (f) and any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other applicable law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender to the extent permitted by applicable law shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including without limitation attorneys' fees and costs of title evidence permitted by Rules of Court.

8.    **RELEASE.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by applicable law.

9.    **NO CLAIM OF CREDIT FOR TAXES.** Borrower shall not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments, or charges. Borrower shall not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

**Partial Claim**

Page 3 of 6

10.   **PAYMENT OF PRINICIPAL, INTEREST, ESCROW ITEMS, PREPAYMENT CHARGES, AND LATE CHARGES.** Section 1 hereby is revised to read as follows; in all other respects, Section 1 shall remain in effect unchanged.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 4. Lender may return any payment or partial payment if the payment or partial payment is insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to Lender's rights to refuse such payment or partial payment in the future. If Lender accepts such payment, Lender shall apply such payment at the time such payment is accepted. No offset or claim that Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

**Partial Claim**



Page 4 of 6

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

**Sign here to execute Subordinate Security Instrument** ➤
_____
Ulugbek Djabbarov
(Must be signed exactly as printed)

_0 8 / 1 9 / 2 0 2 3_
Signature Date (MM/DD/YYYY)

**Sign here to execute Subordinate Security Instrument** ➤
_____
Nigina Djabbarova
(Must be signed exactly as printed)

_0 8 / 1 8 / 2 0 2 3_
Signature Date (MM/DD/YYYY)

_____ *[Space below this line for Acknowledgement]* _____

STATE OF New Jersey

COUNTY OF Bergen

On the ___19___ day of August in the year 2023 before me, the undersigned, [X] a Notary Public [ ] an Online Notary Public, in and for said State, personally appeared [X] by physical presence [ ] by online notarization/use of audio/video communication technology Ulugbek Djabbarov and Nigina Djabbarova, personally known to me or proved to me on the basis of satisfactory evidence of identification to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they voluntarily executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument for its stated purpose.

Personally Known _____ OR Produced Identification __X__

Type of Identification Produced: Drivers License _____

WITNESS my hand and official seal.

_____
(Signature)

Notary Public: Christina T Williamson
(Printed Name)

My commission expires: 11 / 03 / 2027

Christina T Williamson
Notary Public of New Jersey
Commission No ▮▮▮▮▮▮
Commission Expires 11/03/2027

(Notary Public Seal)
(Please ensure seal does not overlap any language or print)

**Partial Claim**

Page 5 of 6

# EXHIBIT A

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Teaneck, County of Bergen, State of NJ:

Being known and designated as Lot 19 Block 387 as shown on a certain map entitled, "Map of Club Section No. 2, Phelps Manor, Township of Teaneck, Bergen County, N.J.", filed in the Bergen County Clerk's Office on January 27, 1950 as Map No. 3852, and further described as follows:

Beginning at a point in the Northeasterly Right of Way Line of Eastlawn Drive (50' wide) said point being located 169.62 feet northwesterly from the point of curvature leading to the Northwesterly Right of Way Line of Eastlawn Court, and running thence:

(1) Along the Northeasterly Line of Eastlawn Dr. on a curve to the left with a radius of 940.00 feet an arc distance of 64.90 feet to a point, thence;
(2) North 27 degrees 27 minutes 09 seconds East for a distance of 175.86 feet to Lands N/F Township of Teaneck, thence;
(3) South 67 degrees 07 minutes 51 seconds East for a distance of 62.20 feet to a point, thence;
(4) South 27 degrees 27 minutes 09 seconds West for a distance of 199.96 feet to the Point & Place of Beginning.

The above description in accordance with a survey prepared by Paparozzi Associates Inc. dated June 30, 2020.

For Information Purposes Only: Being known as Tax Lot No. 6, Tax Block 4003 on the Official Tax Map of Township of Teaneck, County of Bergen, NJ

Being the same property as conveyed from 185 Poor LLC, a New Jersey Limited Liability Company to Ulugbek Djabbarov and NiginaDjabbarova, Husband and Wife as set forth in Deed Instrument #2020101930 dated 07/24/2020, recorded 10/13/2020, Bergen County, NEW JERSEY.



Partial Claim

Page 6 of 6

**John S. Hogan**
**Bergen County Clerk**

Bergen County Clerk
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/



INSTRUMENT# 2024062630

**V 5347   420**

**RECORDED DATE: 10/18/2024**

| | |
|---|---|
| **Document Type:   MORTGAGE** | **Transaction #:** ▮▮▮▮▮▮<br>**Document Page Count: 7**<br>**Operator Id: ERECORD** |
| **RETURN TO:**<br>600 Clubhouse Dr<br>Coraopolis, PA 15108-3195 | **SUBMITTED BY:**<br><br>**SIMPLIFILE**<br><br>**4844 North 300 West, Suite 202**<br><br><br>**PROVO ,UT  84604** |
| **PRIMARY NAME** | **SECONDARY NAME** |
| DJABBAROV ULUGBEK | HOUSING AND URBAN DEVELOPMENT |
| **ADDITIONAL PRIMARY NAMES** | **ADDITIONAL SECONDARY NAMES** |
| DJABBAROVA NIGINA | UNITED STATES OF AMERICA |

**MARGINAL REFERENCES:  File Number:      Volume:      Page:**

DOCUMENT DATE:  09/18/2024
MUNICIPALITY: TEANECK
LOT: 6
BLOCK: 4003

FEES/ TAXES:

| | |
|---|---|
| RECORDING FEE | $20.00 |
| STATE RECORDING FEE | $30.00 |
| COUNTY RECORDING FEE | $30.00 |
| HOMELESSNESS TRUST FUND | $3.00 |
| HOMELESS CODE BLUE | $2.00 |
| | |
| | |
| | |
| NPNR | $0.00 |
| Basic County | $0.00 |
| Basic State | $0.00 |
| PHPF | $0.00 |
| Extra-Aide | $0.00 |
| Gen-Purpose | $0.00 |
| Mansion-Tax | $0.00 |

Total: $85.00

INSTRUMENT#: 2024062630
Recorded Date: 10/18/2024

I hereby CERTIFY that this document is recorded in the Clerk's Office in Bergen County, New Jersey.

**John S. Hogan**
**Bergen County Clerk**

**Recording Fees:  $85.00**
**Realty Transfer Tax Fees:  $0.00**
**Consideration: $ 17268.88**

## OFFICIAL RECORDING COVER PAGE

Page 1 of **7**

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.
V12.24.21

**Recording Requested By:**
Freedom Mortgage Corporation
951 Yamato Road
Boca Raton, FL 33431

**After Recording Return To:**
Freedom Mortgage Corporation C/O:
Mortgage Connect, LP
Attn: Loan Mod Processing Team
600 Clubhouse Drive
Moon Township, PA 15108

This document was prepared by: <u>Freedom Mortgage Corporation, 11988 Exit 5 Pkwy Bldg 4,</u>
<u>Fishers, IN 46037-7939, 855-690-5900</u>

Document Date: _09/28/2024_
Legal description is located on page _6_

_____Space Above This Line For Recording Data_____

### SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on <u>September 19,</u>
<u>2024</u>.

The Mortgagor is **ULUGBEK DJABBAROV AND NIGINA DJABBAROVA, HUSBAND AND WIFE**

Whose address is <u>1017 EAST LAWN DRIVE TEANECK, NJ 07666 </u>("Borrower").

This Security Instrument is given to the Secretary of Housing and Urban Development, its successors and assigns whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of <u>seventeen thousand two hundred sixty-</u><u>eight and 88/100 Dollars (U.S. 17,268.88)</u>. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on <u>August 1, 2050.</u>

This SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the

Partial Claim

Page 1 of 6

performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **Bergen** County, State of <u>NEW JERSEY</u> which has the address of <u>1017 EAST LAWN DRIVE TEANECK, NJ 07666</u>, ("Property Address") more particularly described as follows: *See Exhibit A for Legal Description*

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1.      **PAYMENT OF PRINCIPAL.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.      **BORROWER NOT RELEASED; FORBEARANCE BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.      **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4.      **NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail

**Partial Claim**

Page 2 of 6

to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.      **GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.      **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

        NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.      **ACCELERATION; REMEDIES.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument unless applicable law provides otherwise. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding, and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; (f) and any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other applicable law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender to the extent permitted by applicable law shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including without limitation attorneys' fees and costs of title evidence permitted by Rules of Court.

8.      **RELEASE.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by applicable law.

9.      **NO CLAIM OF CREDIT FOR TAXES.** Borrower shall not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments, or charges. Borrower shall not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

10.     **PAYMENT OF PRINICIPAL, INTEREST, ESCROW ITEMS, PREPAYMENT CHARGES, AND LATE CHARGES.** Section 1 hereby is revised to read as follows; in all other respects, Section 1 shall remain in effect unchanged.

        Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice

**Partial Claim**

Page 3 of 6

provisions in Section 4. Lender may return any payment or partial payment if the payment or partial payment is insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to Lender's rights to refuse such payment or partial payment in the future. If Lender accepts such payment, Lender shall apply such payment at the time such payment is accepted. No offset or claim that Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

**Partial Claim**

Page 4 of 6

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

**Sign here to execute Subordinate Security Instrument** ➤

_____
Ulugbek Djabbarov
(Must be signed exactly as printed)

O 9 / 2 8 / 2 0 2 4
Signature Date (MM/DD/YYYY)

**Sign here to execute Subordinate Security Instrument** ➤

_____
Nigina Djabbarova
(Must be signed exactly as printed)

O 9 / 2 8 / 2 0 2 4
Signature Date (MM/DD/YYYY)

_____ *[Space below this line for Acknowledgement]* _____

STATE OF __New Jersey__ COUNTY OF __Bergen__

On the __28__ day of __September__ in the year __2024__ before me, the undersigned, Notary Public (or [  ] if an Online Notary Public), in and for said State, personally appeared by physical presence (or [  ] if by online notarization/use of audio/video communication technology) Ulugbek Djabbarov and Nigina Djabbarova, personally known to me or proved to me on the basis of satisfactory evidence of identification to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they voluntarily executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument for its stated purpose.

Personally Known _____ OR Type of Identification Produced: __NJ driver license__

WITNESS my hand and official seal.

__Patricia A. Picinich__
(Signature)

Notary Public: __Patricia A. Picinich__
(Printed Name)

My commission expires: __June 12, 2027__          (Notary Public Seal)
(Please ensure seal does not overlap any language or print)

PATRICIA A. PICINICH
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 12, 2027

Partial Claim

Page 5 of 6

# EXHIBIT A

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Teaneck, County of Bergen, State of NJ:

Being known and designated as Lot 19 Block 387 as shown on a certain map entitled, "Map of Club Section No. 2, Phelps Manor, Township of Teaneck, Bergen County, N.J.", filed in the Bergen County Clerk's Office on January 27, 1950 as Map No. 3852, and further described as follows:

Beginning at a point in the Northeasterly Right of Way Line of Eastlawn Drive (50' wide) said point being located 169.62 feet northwesterly from the point of curvature leading to the Northwesterly Right of Way Line of Eastlawn Court, and running thence:

(1) Along the Northeasterly Line of Eastlawn Dr. on a curve to the left with a radius of 940.00 feet an arc distance of 64.90 feet to a point, thence;
(2) North 27 degrees 27 minutes 09 seconds East for a distance of 175.86 feet to Lands N/F Township of Teaneck, thence;
(3) South 67 degrees 07 minutes 51 seconds East for a distance of 62.20 feet to a point, thence;
(4) South 27 degrees 27 minutes 09 seconds West for a distance of 199.96 feet to the Point & Place of Beginning.

The above description in accordance with a survey prepared by Paparozzi Associates Inc. dated June 30, 2020.

For Information Purposes Only: Being known as Tax Lot No. 6, Tax Block 4003 on the Official Tax Map of Township of Teaneck, County of Bergen, NJ

Being the same property as conveyed from 185 Poor LLC, a New Jersey Limited Liability Company to Ulugbek Djabbarov and NiginaDjabbarova, Husband and Wife as set forth in Deed Instrument #2020101930 dated 07/24/2020, recorded 10/13/2020, Bergen County, NEW JERSEY.

Partial Claim

Page 6 of 6