**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

Nick M. Ebel, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Counsel for Melissa Ferrell, Executor of the Estate of*
*Paul Richards*

| | |
|---|---|
| In Re:<br><br>ULEGEBEK DJABBAROV,<br><br>Debtor. | Bankr. Case No. 24-20719 (VFP)<br><br>Chapter 13<br><br>Hearing Date:  April 17, 2025 @ 10:00 am<br><br>Hon. Vincent F. Papalia |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE**
**AUTOMATIC STAY TO CONTINUE WITH DISTRICT COURT LITIGATION TO**
**EXTENT OF INSURANCE PROCEEDS**

Melissa Ferrell, Executor of the Estate of Paul Richards ("Movant"), by and through her

counsel, Walsh Pizzi O'Reilly Falanga LLP, hereby submits this Memorandum of Law in

Support of the Movant's Motion for Relief from the Automatic Stay to Continue with the District

Court Personal Injury Action to the Extent of Insurance Proceeds (the "Motion"), pursuant to 11

U.S.C. § 362(d)(l).  In support of this Motion, the Movant respectfully states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Venue

of this contested matter is proper in this Court pursuant to 28 U.S.C. § 1409.

2.      Although the underlying U.S. District Court, Northern District of Ohio (Cleveland) civil lawsuit is not a core proceeding, this Motion to modify the automatic stay is a core proceeding under 28 U.S.C. § 157.

**Introduction and Factual Background**

3.      Movant is the Executor of the Estate of Paul Richards ("Richards").  On or about October 27, 2022, Richards was killed in an accident involving Ulegebek Djabbarov (the "Debtor") who was operating a 2020 Kenworth T680 ("Kenworth") within the scope of his employment with KMS Freight Inc. ("KMS"). The Movant has alleged that the Debtor is liable for the death of Richards and was negligent and failed to exercise reasonable care while operating the Kenworth.

4.      On October 7, 2024, Movant filed a personal injury suit against the Debtor and KMS Freight Inc. in the United States District Court for the Northern District of Ohio, captioned "FERRELL v. KMS FREIGHT, INC. *et al.*", Case No. 1:24-CIV-01736 (the "District Court Litigation").  A copy of the Complaint in the District Court Litigation is attached to the Certification of Thomas R. Merry, Esq. as **Exhibit A** thereto.

5.       Prior to the filing of the Bankruptcy, and before discovery could be completed in the District Court Litigation, it was determined that the Debtor was covered by a policy of insurance to cover the claims filed by the Movant.

6.      Movant would like to continue with the prosecution of the District Court Litigation. Movant seeks damages for the wrongful death of Richards under Ohio law.  Movant is seeking to recover damages that may be covered under an insurance liability policy owned by the Debtor and/or KMS on the vehicle at the time of the incident.  The District Court Litigation has been stayed pending a modification of the automatic stay entered by this Court.

**Relief Requested**

7.      Under Section 362(d)(l) of the Bankruptcy Code, the Court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(l). "Cause is determined on a case by case basis." *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir. 1990). Although the term "cause" is not defined, the legislative history to this section indicates that cause includes " a desire to permit an action to proceed in another tribunal." H.R. Rep. No. 595, 95th Cong., 1st Sess. 343 (1977). Relief from the automatic stay has been granted to allow a creditor to obtain a judgment against a debtor in name only in order to recover from the debtor's insurer. *International Business Machines v. Fernstrom & Van Co. (In re Fernstrom & Van Co.),* 938 F.2d 731 (7th Cir. 1991). There is no mandatory standard for finding cause "cause." *In re Mirant Corp.*, 440 F.3d 238, 253 (5th Cir. 2006). Different bankruptcy courts use different approaches to determining "cause." *In re Choice ATM Enterprises, Inc.*, 2015 WL 1014617 at *3-4 (observing that some courts use the twelve-part *Curtis* factors, others use the seven-part *Johnson* factors and some use a mixture of factors from both cases).

**Legal Argument**

Action to Recover Insurance Proceeds

8.      Courts often modify the automatic stay to allow a debtor to obtain a judgment and collect from a debtor's insurer, without prejudicing the debtor's estate. *See Matter of Holtkamp,* 669 F.2d 505, 508-09 (7th Cir. 1982) (allowing a personal injury action to proceed since there was no harm to the debtor because the debtor's insurance company had "assumed full financial responsibility for defending that litigation"); *Foust v. Munson S. S. Lines,* 299 U.S. 77, 87, 57 S. Ct. 90, 95(1936) (allowing wrongful death action against bankrupt defendant to proceed despite

3

stay; plaintiff "entitled to maintain an action against the insurer for the amount  of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy"). The rationale behind such modification is as follows:

> When the Court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from stay to permit an action either against the debtor, if necessary, or directly against the insurer.   Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there  is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover  under  the  policy.   Moreover,  the  insurer  will  almost  invariably  be responsible  for the cost of defense, so there should be no added expense  for the estate.

3 Collier on Bankruptcy § 362.07[3][a][I] (Mercer P. King, ed., 15th Ed. Revised 1999).

9.	A copy of the Complaint in the District Court Litigation is attached as Exhibit A to the Certification of Thomas R. Merry, filed herewith. Prior to the filing of the Bankruptcy, and before discovery could be completed in the District Court Litigation, Movant determined that the Debtor was covered by a policy of insurance to cover the claims filed by the Movant.  The Movant will not seek to enforce a money judgment against the Debtor and will limit her recovery to the policy limits of the applicable insurance policy.   Therefore,  the continuation of the personal injury case will not hinder, burden, delay or be inconsistent with this case.

Continuation of Action

10.	Courts often modify the automatic stay to allow civil action against debtors to continue in their original forums. *See, e.g., Tucson Estates,* 912 F.2d at 1166-1170 (9th Cir. 1990) (overturning the reimposition of a stay by the bankruptcy court as an abuse of discretion and  allowing  a  state  court  proceeding  to  continue  to  judgment  and  to  liquidate  the creditors/shareholders' claims). In determining whether cause exists to lift the stay, courts apply a three-pronged balancing test which focuses on: (a) the possible prejudice to the estate,

(b) the hardship imposed upon the party in interest if the stay remains in place, and (c) whether the Movant has a likelihood of prevailing in the underlying litigation. *In re Continental Airlines, Inc.,* 152 B.R. 420 (D. Del. 1993); *In re Piperi,* 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990); *In re Pro Football Weekly,* 60 B.R. 824, 826 (ND. Ill. 1986); *In re Bock Laundry Machine,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). As Congress stated in discussing its intent in providing relief from the automatic stay:

> (I)t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*In re Honosky,* 6 B.R. 667, 669 (Bankr. S.D. W. Va. 1980), *citing* S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5836. As discussed below, an analysis of the three-prong balancing test leads to the conclusion that stay relief is appropriate in this matter.

    A.    <u>Modification of the Stay Will Not Prejudice the Estate and may Actually Benefit the Estate</u>

11.    In this case, the Movant seeks to modify the stay solely to allow the District Court Litigation to proceed for purposes of allowing Movant to recover from the insurance available under policies owned by the Debtor and another non-debtor. Further, the resolution of the District Court Litigation will allow the claim to be filed by Movant to be liquidated. *See In re Peterson,* 116 B.R. 247, 250 (D. Co. 1990) (stay should be lifted if Movant is simply seeking to establish the fact and amount of Debtor's liability). As a result, lifting the stay will not prejudice the Debtor or his Chapter 13 estate.

5

B.       Hardship Will Result to Movant if the Stay Remains in Place

8.       The District Court Litigation was initially filed on October 7, 2024. The parties have expended a significant amount of time and expense in prosecuting the litigation to this point. If the stay remains in place, Movant will be forced to delay the prosecution of her claim. *In re Curtis,* 40 B.R. 795, 800, 805-806 (Bankr. D. Utah 1984) (noting that the interest of judicial economy, and the expeditions and economical determination of litigation for the parties are factors to be considered when deciding whether stay should be lifted).

C.       Hardship Will Result to Movant if the Stay Remains in Place

9.       The final prong of this analysis requires just a minimal showing that the Movant's claims are not "frivolous." *Id.*  Even slight probability of success on the merits may be sufficient to support the lifting of the automatic stay for cause in appropriate cases. *In re Continental Airlines, Inc.,* 152 B.R. 420 (D. Del. 1993). The basis of the District Court Litigation is the negligence of the Debtor.

12.      Movant makes all required showings to allow her to assert and liquidate her claims against the Debtor in the District Court Litigation. The stay should be modified to allow Movant to continue to pursue her claims against the Debtor in the District Court Litigation.

**WHEREFORE**, Movant respectfully requests that the Court enter an order, substantially in the form submitted herewith, granting Movant relief from the automatic stay pursuant to Bankruptcy Code § 362 to permit Movant to proceed with the District Court Litigation under applicable law, and for such other and further relief to which Movant may be entitled.

**[SIGNATURE PAGE FOLLOWS]**

Respectfully submitted,

**WALSH PIZZI O'REILLY FALANGA LLP**
*Counsel for Melissa Ferrell, Executor of the Estate
of Paul Richards*

Dated: March 27, 2025          By: _*/s/ Nick M. Ebel*_____
                                    NICK M. EBEL