**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

Nick M. Ebel
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Counsel for Melissa Ferrell, Executor of the Estate of Paul Richards*

|  |  |
|---|---|
| In Re: | Bankr. Case No. 24-20719 (VFP) |
| ULEGEBEK DJABBAROV, | Chapter 13 |
| Debtor. | Hearing Date: April 17, 2025 @ 10:00 am |
|  | Hon. Vincent F. Papalia |

**CERTIFICATION OF THOMAS R. MERRY, ESQ.**
**IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO**
**CONTINUE WITH DISTRICT COURT PERSONAL INJURY ACTION**
**TO EXTENT OF INSURANCE PROCEEDS**

THOMAS R. MERRY., ESQ., of full age, hereby certifies as follows:

1.    I am an attorney at the law offices of Thomas R. Merry Co., L.P.A., and I am fully aware of the facts set forth herein by review of the file maintained by my office.

2.    My firm is assisting as bankruptcy counsel to the law firm that represents Melissa Ferrell, Executor of the Estate of Paul Richards ("Movant") in connection with her personal injury suit filed against the above-captioned debtor, Ulegebek Djabbarov (the "Debtor"), currently pending in the United States District Court for the Northern District of Ohio, and captioned "FERRELL v. KMS FREIGHT, INC. *et al.*", Case No. 1:24-CIV-01736 (the "District Court Litigation").

3.      The Movant is the Executor of the Estate of Paul Richards ("Richards").  On or about October 27, 2022, Richards was killed in an accident involving the Debtor who was operating a 2020 Kenworth T680 ("Truck") within the scope of his employment with KMS Freight Inc. ("KMS"). The Movant has alleged that the Debtor is liable for the death of Richards and was negligent and failed to exercise reasonable care while operating the Truck.

4.      On October 7, 2024, the Movant, filed the District Court Litigation against the Debtor and KMS Freight Inc. in the United States District Court for the Northern District of Ohio, as Case No. 1:24-cv-01736.  A true and correct copy of the Complaint in the District Court Litigation is attached hereto as Exhibit A.

5.      The Debtor filed an Answer to the Second Amended Complaint on November 6, 2024. A true and correct copy of the Debtor's Answer is attached hereto as Exhibit B.

6.      Prior to the filing of the Bankruptcy, and before discovery could be completed in the District Court Litigation, it was determined that the Debtor was covered by a policy of insurance to cover the claims filed by the Movant.

7.      Due to the bankruptcy filing of the Debtor, the District Court Litigation was stayed on January 9, 2025.  Movant would like to continue with the prosecution of the District Court Litigation.  Movant seeks damages for the wrongful death of Richards under Ohio law.  Movant is seeking to recover damages that may be covered under an insurance liability policy owned by the Debtor and/or KMS on the Truck at the time of the incident.

2

8.    As a condition of being granted relief from the automatic stay to liquidate Movant's claim against the Debtor, the Movant will not seek to enforce a money judgment against the Debtor and will limit her recovery to the policy limits of the applicable insurance policy.

9.    In the case at bar, Movant seeks relief from the automatic stay to continue the District Court Litigation against the Debtor to fix the amount of her claim, solely to allow the District Court Litigation to proceed for purposes of allowing Movant to recover from the insurance available under policies owned by the Debtor and another non-debtor.

**[SIGNATURE ON NEXT PAGE]**

3

I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  March 27, 2025

_____
Thomas R. Merry

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MELISSA FERRELL**<br>**EXECUTOR OF THE ESTATE OF PAUL**<br>**RICHARDS**<br>418 Pratt Street, Apt. A<br>Ravenna, OH 44266<br><br>     Plaintiff,<br>v.<br><br>**KMS FREIGHT INC.**<br>**c/o Its Statutory Agent**<br>Srejovic Accounting Services Ltd.<br>2340 S River Rd., Ste 208<br>Des Plaines, IL 60018<br>**c/o Its BOC-3 Agent**<br>Evilsizor Process Servers LLC<br>Bettina Jackson<br>1873 S. Blemont Avenue<br>Springfield, OH 45505<br><br>and<br><br>**ULUGBEK DJABBAROV**<br>1 S270 Wisconsin Avenue<br>Lombard, IL 60148<br>And at 1017 East Lawn Drive,<br>Teaneck, NJ 07666-6606<br><br>    Defendants. | Case No.: 1:24-cv-1736<br><br>Judge<br><br><br>**COMPLAINT**<br><br><br>JURY DEMAND<br>ENDORSED HEREON |

Melissa Ferrell, in her capacity as the Executor of the Estate of Paul Richards, deceased, files the following complaint.

## OVERVIEW

On October 27, 2022, at approximately 9:49AM a Defendant KMS Freight Inc. tractor trailer undergoing engine failure was proceeding at a dangerously low speed, during

1

busy traffic in the westbound right lane of Interstate 80 in North Royalton, Cuyahoga County, Ohio. As a result, decedent Paul Richards was involved in a fatal collision.

## THE PARTIES

1.      Plaintiff Melissa Ferrell is the daughter of Decedent Paul Richards. She was appointed as the Executor of the Estate of Paul A. Richards on September 26, 2024, by the probate court of Portage County, Ohio in case number 2022 ES 00752. A copy of her Letters of Authority is attached hereto and incorporated herein by reference as **Exhibit A**.

2.      Defendant, KMS Freight Inc., is an Illinois corporation. KMS Freight Inc.'s principal place of business is at 3080 Ogden Avenue, Suite 107, Lisle, Illinois.  KMS Freight Inc. is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. KMS Freight Inc. is registered with the Federal Motor Carrier Safety Administration (USDOT No. 3515360) and, according to public documents from the Illinois Secretary of State, has designated Srejovic Accounting Services Ltd., 2340 S. River Rd., Ste. 208, Des Plaines, Illinois 60018-3223, as its agent for service of process. Additionally, KMS Freight Inc. has designated Evilsizor Process Servers LLC., Bettina Jackson 1873 S Belmont Avenue, Springfield, OH 45505 as its agent for service of process under 49 C.F.R. Part 366.

3.      Defendant, Ulugbek Djabbarov, is a resident of the State of Illinois, and at the time of the crash, he was operating a commercial motor vehicle (2020 Kenworth T680 with a trailer).  At all relevant times, Defendant Djabbarov was on duty within the scope of his employment with Defendant KMS Freight Inc.  He can be served with process at 1 S270 Wisconsin Avenue, Lombard, IL 60148. He also can be served at 1017 E. Lawn Drive, Teaneck, NJ 07666-6606.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter because the events giving rise to this litigation occurred in the Northern District of Ohio (in Cuyahoga County, Ohio), and the amount in controversy exceeds the $75,000.00 and the parties are of completely diverse citizenship. 28 U.S.C. § 1332(a)(1). The plaintiff is a citizen of Ohio. Both defendants are citizens of states other than Ohio.

5.      Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because the crash at issue occurred in this judicial district (in North Royalton, Cuyahoga County, Ohio).

## FIRST CAUSE OF ACTION

### Wrongful Death - Negligence of Defendant, Ulugbek Djabbarov

6.      All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

7.      Plaintiff brings this Cause of Action under Ohio's Wrongful Death Statute, found at R.C. 2125.01.

8.      On or about October 27, 2022, Ulugbek Djabbarov was in the rightmost lane of Interstate 80 westbound in Cuyahoga County when Ulugbek Djabbarov was operating his commercial motor vehicle at a speed below 10 miles per hour in a zone where the speed limit is 70 miles per hour, in violation of R.C. 4511.21(A) and 4511.22(A).

9.      At the same time, Defendant Ulugbek Djabbarov was operating his commercial motor vehicle in a state of moderately severe, or most severe level of engine torque derate, which led to vehicle speed limitation, and caused the engine to enter protection mode. Instead of pulling over at the first notice of the derate condition,

Defendant negligently chose to continue driving the commercial motor vehicle on Interstate 80 in this hazardous state.

10.    At the same time, Decedent Paul Richards was traveling in the right most lane of westbound I-80 when Ulugbek Djabbarov's unreasonable and dangerous speed among traffic created a hazard. Because of the traffic conditions and Ulugbek Djabbarov's unreasonably slow speed, the dangerous hazard presented by Djabbarov appeared suddenly and it was unreasonable for Decedent Paul Richards to discern the hazard presented by Djabbarov in time to react and avoid striking Defendants' trailer.

11.    Among other duties, Ulugbek Djabbarov had a duty to:

a.    conduct proper pre-trip and post-trip inspections of the commercial motor vehicle he was driving;

b.    had a duty to inspect, repair and maintain his commercial motor vehicle;

c.    not operate his commercial motor vehicle in such a condition as to likely cause an accident or breakdown of his vehicle;

d.    operate his commercial motor vehicle in a safe and reasonable manner;

e.    drive at a speed that was reasonable given the circumstances and the nature of the vehicle he was operating as required by R.C. 4511.21(A) and R.C. 4511.22(A).

f.    maintain reasonable and safe control of the commercial motor vehicle;

g.    maintain a proper lookout;

h.    maintain the commercial motor vehicle in a reasonably safe and operational condition;

i.    drive with the appropriate amount of caution under the circumstances inclusive but not limited to weather and road conditions, the size and weight of the truck, other traffic, and the mechanical condition of the commercial motor vehicle he was operating;

j.    properly match the speed of the truck with the road speed limits and traffic flow and in accordance with truck industry customs and guidelines;

k.    remain reasonably alert, avoid fatigue, exercise due care and to drive without confusion and distraction;

l.    maintain a safe route of travel;

m.    obey all traffic laws including ascertaining whether movement is safe and clear of traffic as required by R.C. 4511.33(A)(1).

n.    obey all Federal Motor Carrier Safety Regulations; and

o.    avoid operating the tractor trailer at such an unreasonably slow speed as to impede the reasonable movement of traffic in violation of R.C. R.C. 4511.21(A) and/or 4511.22(A).

12.    Ulugbek Djabbarov failed in the above-mentioned duties and is, therefore, negligent, and negligent *per se* or *prima facie* negligent.

13.    Ulugbek Djabbarov's negligence was a direct and proximate cause of the crash and decedent's fatal injuries.

14.    As a direct and proximate result of the Defendants' negligence, Paul Richards suffered severe injuries including shock and pre-death terror, prior to his death, as well as damage to his clothing, and his other personal property in his possession during the crash, for which his estate is entitled to recover damages in an amount to be proven at trial.

15.    Paul Richards is survived by his children, Melissa Ferrell, Emily Burmeister, Theresa Richards, Donna Sarapa and their children, collectively, referred to as "beneficiaries."

16.    As a direct and proximate result of the Defendants' negligence, Paul Richards was caused to suffer catastrophic injuries resulting in his death, for which his estate is entitled to recover damages in an amount to be proven at trial. As a direct and

proximate result of the negligence of the Defendants, the decedent's wrongful death statutory beneficiaries have experienced loss of services and society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, grief, anguish and emotional trauma in the past and will continue to experience the same in the future.

17.    As a result of Paul Richard's death, his beneficiaries have sustained damages that include, but are not limited to: loss of love, loss of care, loss of comfort, loss of services, loss of guidance, loss of tutelage, loss of net accumulations, loss of life's pleasures, loss of support, loss of society, loss of affection, loss of solace, loss of moral guidance, loss of counsel, loss of moral support, loss of protection, loss of familial care, and loss of advice.

18.    By reason of the wrongful acts that caused the crash and injuries and death, Plaintiff and the next of kin of Paul Richards, deceased, have sustained losses for which they are entitled to recover damages in wrongful death, and further, they have sustained mental anguish, grief, torment, and distress, for all of which they are entitled to recover damages under applicable law.

19.    Defendant Ulugbek Djabbarov's attempt to continue driving at a dangerously slow rate of speed, and/or by failing to leave the roadway or stay off the road or in the event of ongoing mechanical failure to park at the nearby rest area at milepost 170, demonstrated a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm to them, and Defendant Ulugbek Djabbarov was aware of such great probability and Defendant Ulugbek Djabbarov was aware of the substantiality of harm that would result. Specifically, even though he was aware of the dangerously low speed of his commercial motor vehicle, he consciously disregarded the

decedent's rights by recklessly traveling at a dangerously low speed, despite being aware of the great probability of causing substantial injury or death to Paul Richards and the public at large. Accordingly, Plaintiff demands punitive damages against Defendant Ulugbek Djabbarov.

## SECOND CAUSE OF ACTION

### Vicarious Liability of Defendant KMS Freight Inc.

20.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

21.    At all relevant times, Ulugbek Djabbarov was the employee, agent, servant, or independent contractor for KMS Freight Inc. Ulugbek Djabbarov was in the course and scope of his employment at the time of the collision, or in the alternative, under the control of KMS Freight Inc. Accordingly, KMS Freight Inc. is vicariously liable for the acts of Ulugbek Djabbarov as described herein.

22.    Regardless of the employment or agency relationship, KMS Freight Inc. is an interstate motor carrier, is registered with the United States Department of Transportation, and is holder of USDOT No. 3515360. Therefore, KMS Freight Inc. is responsible for the acts of Ulugbek Djabbarov because of federal statutory law regulating interstate transport by motor carriers.

## THIRD CAUSE OF ACTION

### Negligence— Defendant KMS Freight Inc.

23.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

24.    KMS Freight Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier

7

operating authority and other employees and agents, including Ulugbek Djabbarov, to promulgate and enforce policies, procedures, and rules to ensure that its drivers and commercial motor vehicles were reasonably safe.

25.     KMS Freight Inc. had a duty to maintain its commercial motor vehicles in a reasonably safe condition and to inspect the commercial motor vehicle and to ensure that they would not suffer mechanical failures or other issues that would create a hazard on the roadway, cause an accident, or cause a breakdown of the commercial motor vehicle.

26.     KMS Freight Inc. had a duty to exercise reasonable care in all its actions and omissions.

27.     KMS Freight Inc. had a duty to instruct, train and create policies and a safety culture that ensured its drivers operated its commercial motor vehicles safely, including properly entering active lanes of travel and driving at a safe and reasonable speed. Specifically, KMS Freight Inc. had a duty to train its driver to:

    a.    conduct proper pre-trip and post-trip inspections of the commercial motor vehicle he was driving;

    b.    inspect, repair and maintain the commercial motor vehicle;

    c.    not operate his commercial motor vehicle in such a condition as to likely cause an accident or breakdown of his vehicle;

    d.    operate his commercial motor vehicle in a safe and reasonable manner;

    e.    drive at a speed that was reasonable given the circumstances and the nature of the vehicle he was operating as required by R.C. 4511.21(A) and R.C. 4521.22(A);

    f.    maintain reasonable and safe control of the commercial motor vehicle;

    g.    maintain a proper lookout;

    h.    maintain the commercial motor vehicle in a reasonably safe and operational condition;

    i.    drive with the appropriate amount of caution under the circumstances inclusive but not limited to weather and road conditions, the size and weight of the truck, other traffic, and the mechanical condition of the commercial motor vehicle he was operating;

    j.    properly match the speed of the truck with the road speed limits and traffic flow and in accordance with truck industry customs and guidelines;

    k.    remain reasonably alert, avoid fatigue, exercise due care and to drive without confusion and distraction;

    l.    maintain a safe route of travel;

    m.    obey all traffic laws including ascertaining whether movement is safe and clear of traffic as required by R.C. 4511.33(A)(1).

    n.    obey all Federal Motor Carrier Safety Regulations; and

    o.    avoid operating the tractor trailer at such an unreasonably slow speed as to impede the reasonable movement of traffic in violation of R.C. 4511.21 and/or R.C. 4511.22(A).

28.    KMS Freight Inc. had a duty to exercise reasonable care in entrusting its commercial motor vehicles and equipment to responsible, competent, and qualified drivers.

29.    KMS Freight Inc. failed in the above-mentioned duties and was, therefore, negligent.

30.    KMS Freight Inc. failed to maintain its commercial motor vehicles in a reasonably safe and proper operating condition.

31.    KMS Freight Inc.'s negligence was a direct and proximate cause of the fatal injuries and damages sustained by Plaintiff's decedent, Paul Richards, described in this Complaint.

32.    As a direct and proximate result of the Defendants' negligence, Paul Richards suffered severe injuries including shock and pre-death terror, prior to his death,

as well as damage to his clothing and his other personal property in his possession during the crash, for which his estate is entitled to recover damages in an amount to be proven at trial.

33.    Defendant KMS Freight Inc.'s actions in failing to train, direct and/or supervise Ulugbek Djabbarov as well as it's additional failure to maintain its commercial motor vehicle and allowing the commercial motor vehicle to become a hazard, demonstrates a conscious disregard for the rights and safety of Paul Richards and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of the conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants.

## FOURTH CAUSE OF ACTION

### Survival

34.    Plaintiff repeats and re-alleges all of the allegations elsewhere herein as though the same were fully set forth herein against all Defendants.

35.    Prior to his death, and as a direct and proximate result of the wrongful conduct that caused the crash and injuries and death, the decedent, Paul Richards, sustained physical and mental pain and anguish, suffering in contemplation of his impending death, including pre-death terror, along with property damage and loss, and by reason thereof, his Estate is entitled to compensatory damages in an amount exceeding $25,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor against all Defendants, jointly and/or several, individually and/or collectively, as follows:

A.    Compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which will fully, fairly, and justly compensate the

beneficiaries for their damages resulting from the wrongful death of Paul Richards;

B.      Compensatory Damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which will fully, fairly, and justly compensate the Estate of Paul Richards for the damages he suffered to himself and his property prior to his death;

C.      Punitive damages;

D.      Costs, including attorney's fees; and,

E.      Such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Andrew R. Young
Andrew R. Young (0071543)
D. J. Young, III (0071839)
Amy Papuga (0098669)
Jonathan N. Bond (0096696)
The Law Firm for Truck Safety, LLP
31387 Lorain Road
North Olmsted, Ohio  44070
(216) 961-3932
F: (216) 647-0458
Andy@TruckAccidents.com
DJ@TruckAccidents.com
Amy@TruckAccidents.com
Jon@TruckAccidents.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

/s/ Andrew R. Young
Andrew R. Young (0071543)
D. J. Young, III (0071839)
Amy Papuga (0098669)
Jonathan N. Bond (0096696)

The Law Firm for Truck Safety
Attorneys for Plaintiff

# EXHIBIT A

# PROBATE COURT OF PORTAGE COUNTY, OHIO

## JUDGE PATRICIA J. SMITH

ESTATE OF PAUL RICHARDS aka PAUL A. RICHARDS aka PAUL ALLAN RICHARDS , DECEASED

CASE NO. 2022ES752

**PORTAGE COUNTY PROBATE COURT FILED**
SEP 2 4 2024
PATRICIA J. SMITH PROBATE JUDGE

## ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

[For Executors and all Administrators]

Name and Title of Fiduciary **MELISSA FERRELL, EXECUTOR**

On hearing in open Court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that;

Decedent died [check one of the following] ■ testate - ☐ intestate - on **OCT. 27, 2022** , domiciled in 418 PRATT STREET, APT. A, RAVENNA, OH 44266 .

[Check one of the following] ■ Bond is dispensed with by the Will - ☐ Bond is dispensed with by law - ☐ Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The Court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

9-24-24

Date

PROBATE JUDGE

## CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

Probate Judge/Clerk

by

9-26-2024

Date

[Seal]

FORM 4.5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Melissa Ferrell | ) | CASE NO.: 1:24-cv-1736 |
| Executor of the Estate of Paul | ) | |
| Richards | ) | JUDGE: Christopher A. Boyko |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF DEFENDANTS KMS** |
| v. | ) | **FREIGHT INC., AND ULUGBEK** |
| | ) | **DJABBAROV TO PLAINTIFF'S** |
| KMS Freight Inc., et al. | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Now comes KMS Freight Inc., (hereinafter referred to as "KMS") and Ulugbek Djabbarov, (hereinafter referred to as "Djabbarov") by and through the undersigned counsel, and for their Answer to Plaintiff's Complaint state as follows:

As to Plaintiff's Overview: Defendants KMS and Djabbarov admit that motor vehicle collision on the date and at the approximate time and location as alleged and at said collision involved a vehicle then being operated by Paul Richards and a vehicle owned by KMS and being operated by Djabbarov. Defendants KMS and Djabbarov further admit that as a result of the collision, Paul Richards was killed. Defendants KMS and Djabbarov deny the remaining allegations set forth in Plaintiff's overview.

As to the Answer to the remaining allegations set forth in Plaintiff's Complaint:

1. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint either for truthfulness and/or for want of knowledge.

2. Defendants KMS and Djabbarov admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. In response to the allegations set forth in Paragraph 3 of Plaintiff's Complaint, Defendants KMS and Djabbarov admit that at the time of the motor vehicle collision which is the subject of this litigation, Defendant Djabbarov was operating a commercial motor vehicle, *to wit,* a 2020 Kenworth T680 with a trailer. Defendants KMS and Djabbarov deny the remaining allegations set forth in Paragraph 3.

4. In response to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, Defendants KMS and Djabbarov are without knowledge sufficient to form a belief as to the truth of the allegations pertaining to the residence of the Plaintiff and therefore deny the same. Defendants KMS and Djabbarov admit the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendants KMS and Djabbarov admit the allegations set forth in Paragraph 5 of Plaintiff's Complaint

6. In response to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, Defendants KMS and Djabbarov incorporates by reference as it fully rewritten herein their foregoing Answer to Paragraphs 1-5.

7. The allegations set forth in Paragraph 7 of Plaintiff's Complaint are a recitation and do not require either being admitted or denied.

8. In response to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, Defendants KMS and Djabbarov admit that a motor vehicle collision occurred on the date and at the location described therein and further that Defendant Djabbarov was operating a commercial vehicle. Defendants KMS and Djabbarov deny the remaining allegations set

forth therein either for truthfulness and/or for want of knowledge.   Defendants KMS and

Djabbarov further affirmative state that the issuance of a traffic citation, if any, is not

admissible in the within litigation.

9.  Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 9 of Plaintiff's

Complaint.

10. In response to the allegations set forth in Paragraph 10 of Plaintiff's Complaint, Defendants

KMS and Djabbarov admit that a motor vehicle collision occurred at the location described

therein, but deny the remaining allegations set forth in Paragraph 10.   Defendants KMS

and Djabbarov further affirmatively state at the time and place of the collision which forms

the basis of this litigation, decedent, Paul Richards was operating a commercial motor

vehicle, *to wit,*  a 2021 International LT625 with a trailer  and that he failed to maintain a

proper lookout and/or was following too closely and/or  negligently failed to maintain an

assured clear distance between his tractor trailer and the tractor trailer then being operated

by Defendant Djabbarov and that he rear-ended said vehicle resulting in the collision which

is subject to this litigation.

11. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 11 of

Plaintiff's Complaint.

12. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 12 of

Plaintiff's Complaint.

13. Defendant KMS and Djabbarov deny the allegations set forth in Paragraph 13 of Plaintiff's

Complaint. Defendants KMS and Djabbarov further affirmatively state at the time and

place of the collision which forms the basis of this litigation, decedent, Paul Richards was

operating a commercial motor vehicle, *to wit,*  a 2021 International LT625 with a trailer

and that he failed to maintain a proper lookout and/or was following too closely and/or negligently failed to maintain an assured clear distance between his tractor trailer and the tractor trailer then being operated by Defendant Djabbarov and that he rear-ended said vehicle resulting in the collision which is subject to this litigation.

14. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint either for truthfulness and/or for want of knowledge.

15. Defendants KMS and Djabbarov are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

16. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. In response to the allegations set forth in Paragraph 20 of Plaintiff's Complaint, Defendant KMS and Djabbarov incorporate by reference as it fully rewritten herein their foregoing Answer to Paragraphs 1-19.

21. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. In response to the allegations set forth in Paragraph 22 of Plaintiff's Complaint, Defendants KMS and Djabbarov admit that KMS is an interstate motor carrier, is registered with United States Department of Transportation and is the holder of US DOT #3515360. Defendants KMS and Djabbarov deny the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint either for want of knowledge or truthfulness.

23. In response to the allegations set forth in Paragraph 23 of Plaintiff's Complaint, Defendants KMS and Djabbarov incorporate by reference as it fully rewritten herein their foregoing Answer to Paragraphs 1-22.

24. Defendants KMS and Djabbarov deny the remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. In response to the allegations set forth in Paragraph 34 of Plaintiff's Complaint, Defendants KMS and Djabbarov incorporate by reference as it fully rewritten herein their forgoing Answer to Paragraphs 1-33.

35. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.    Defendants KMS and Djabbarov deny each and every remaining allegation contained in Plaintiff's Complaint not heretofore specifically accepted.

## SECOND AFFIRMATIVE DEFENSE

2.    Defendants KMS and Djabbarov state that the Plaintiff's Complaint fails to state a cause of action against it/him upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3.    Defendants KMS and Djabbarov state that the Plaintiff has failed to name a necessary and indispensable party to the litigation pursuant to the requirements of Rules 19 and 20 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

4.    Defendants KMS and Djabbarov state that at the time and place of the collision which forms the basis of this litigation, decedent, Paul Richards was negligent and his negligence

exceeds that of these answering Defendants, either individually and/or collectively. Defendants KMS and Djabbarov further affirmatory state by reason thereof, the Estate of Paul Richards is barred from recovery for any alleged injury or damage, such injury or damage been deny to exist, and/or any such recovery is to be  reduced in direct proportion to decedent Paul Richards comparative degree of fault.

### FIFTH AFFIRMATIVE DEFENSE

5.    Defendants KMS and Djabbarov state that Plaintiff's recovery, if any, is limited to the damages set forth in Chapter 2125 of the Ohio Revised Code and, specifically, R.C. § 2125.02.

### SIXTH AFFIRMATIVE DEFENSE

6.    Defendants KMS and Djabbarov state that any recovery by or on behalf of the Estate of Paul Richards or any beneficiary is subject to offset for any payment made by or through a life insurance policy and/or any other policy, plan, or program offering benefits to the Estate of Paul Richards or any of his beneficiaries.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Defendants KMS and Djabbarov are entitled to all rights and immunities set forth in R.C. § 2315.21 pertaining to caps on punitive damages, as well as the absolute right of bifurcation and to have said claim proven by Plaintiff by clear and convincing evidence.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Defendants KMS and Djabbarov further affirmatively state that they are entitled to all rights, benefits and immunities set forth in the Ohio Survival Statute, R.C. § 2305.21.

### NINTH AFFIRMATIVE DEFENSE

9.    Defendants KMS and Djabbarov state that service of process and/or sufficiency of process is defective and improper.

**TENTH AFFIRMATIVE DEFENSE**

10.    Defendants KMS and Djabbarov state that Defendant Djabbarov was confronted with a sudden and unexpected mechanical emergency  for which he had no control immediately prior to the collision which forms the basis of this litigation and that he took all appropriate and reasonable steps to protect him and the motoring public from harm and that his/their conduct was not the proximate cause of the subject collision.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Defendants KMS and Djabbarov hereby reserve the right the amend this Answer to include defenses not currently known, but which may be learned through the course of future discovery.

WHEREFORE,  having fully answered the allegations set forth in Plaintiff's Complaint, Defendants KMS and Djabbarov pray that said Complaint be dismissed with prejudice, with costs to Plaintiff plus such further additional relief that this court deems just and proper.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By:___/s/ Andrew H. Isakoff_____
ANDREW H. ISAKOFF (0037177)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3804
Fax:  (216) 344-9006
Email: ahisakoff@mdwcg.com
*Counsel for Defendants KMS and Djabbarov*

## JURY DEMAND

Defendant demands a trial by jury as to all issues of the within matter.

By:____/s/Andrew H. Isakoff_____
ANDREW H. ISAKOFF (0037177)
*Counsel for Defendants KMS and Djabbarov*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2024, a copy of the foregoing was filed

electronically.  A copy of the foregoing Answer has been sent to the following by email

Andrew R. Young, Esq.
D.J. Young, III., Esq.
Amy Papuga, Esq.
Jonathan N. Bond, Esq.
The Law Firm for Truck Safety, LLP
31387 Lorain Road
North Olmsted, Ohio 44070
Andy@TruckAccidents.com
DJ@TruckAccidents.com
Amy@TruckAccidents.com
Jon@TruckAccidents.com

By:____/s/ Andrew H. Isakoff_____
ANDREW H. ISAKOFF (0037177)
*Counsel for Defendants*